IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Wauconda Sand & Gravel Co.; Estate of John )<br>Obenauf; Jensen Disposal, Inc.; Dearborn )<br>Division, W.R. Grace & Co.; Morton )<br>International, Inc.; Waste Management of )<br>Illinois, Inc.; Honeywell, Inc.; Exxon )<br>Corporation; Mail-Well Envelope Company; )<br>Ink Specialities Co., Inc.; Wells Manufacturing )<br>Company; I.B. Distributors, Inc.; Basic )<br>Electronics Mfg. Corp.; Chroma Corporation; )<br>H.B. Fuller Company; Browning-Ferris )<br>Industries of Illinois, Inc.; Village of Wauconda, )<br>)<br>Defendants. )<br>) | Civil Action No. 93 CV 7637<br><br>Judge Grady |

**AGREED ORDER ON PAYMENT OF COSTS**

WHEREAS, Wells Manufacturing Company ("Wells") is a party to a 1994 Consent Decree entered in this matter which makes Wells, among other parties, jointly and severally liable for the reimbursement of certain costs incurred by the U.S. Environmental Protection Agency in connection with the clean-up of the Wauconda Sand and Gravel Superfund Site ("Wauconda Landfill") located in Lake County, Illinois.

WHEREAS, on January 28, 2011, Plaintiff filed United States' Motion to Enforce Consent Decree, in which it requested that the Court order Wells, pursuant to the 1994 Consent Decree, to reimburse $364,237.71 in costs incurred by U.S. EPA in overseeing response actions at the Wauconda Landfill, as well as additional interest and all costs in enforcing the 1994

Consent Decree, as authorized under that decree. (ECF No. 24).

WHEREAS, on November 7, 2011, and after briefing on the merits, the Court ordered Wells to reimburse U.S. EPA $364,237.71, plus interest and costs of enforcement, and directed the parties to follow the procedure outlined in Local Rule 54.3 on the appropriate amount of attorney fees. (ECF No. 37).

WHEREAS, the United States and Wells have followed the procedures outlined in Local Rule 54.3, through which the United States provided documentation of accrued interest and enforcement costs to Wells, and the United States and Wells engaged in arms-length, good faith negotiations regarding the interest and enforcement costs claimed by the United States.

WHEREAS, in addition to the Court ordered amount of $364,237.71, and following the procedures outlined in Local Rule 54.3, the United States and Wells agree that Wells shall pay the requested interest and certain enforcement costs.

Based on the foregoing and as described further below, the Court orders the following:

1. Wells shall pay the following labor costs incurred in enforcing the 1994 Consent Decree:

| | | | |
|---|---|---|---|
| | a. | Department of Justice Direct Labor Costs FY 2011: | $8,070.98 |
| | b. | Department of Justice Other Direct Costs FY 2011: | $511.61 |
| | c. | Department of Justice Indirect Costs FY 2011: | $14,951.40 |
| | d. | EPA Region 5 Payroll Costs FY 2010 and 2011: | $6,036.57 |
| | e. | EPA Region 5 Indirect Costs FY 2010 and 2011: | $14,637.42 |
| | | **TOTAL COSTS OF ENFORCING THE 1994 CONSENT DECREE:** | **$44,207.98** |

2. Wells shall pay interest in the amount of $32,755.29. In accordance with the Court's November 7, 2011 order, interest charges include all interest on the 2009 Bill referenced in the Court's order and interest on contractor charges in the 2005 Bill, also referenced in the Court's order. (ECF No. 37 at 15, fn. 5). The interest amount is calculated as follows:

| | | | |
|---|---|---|---|
| a. | Interest on 2005 Bill Contractor Costs FY 05: | | $450.09 |
| b. | Interest on 2005 Bill Contractor Costs FY 06: | | $5,378.51 |
| c. | Interest on 2005 Bill Contractor Costs FY 07: | | $6,839.38 |
| d. | Interest on 2005 Bill Contractor Costs FY 08: | | $6,226.77 |
| e. | Interest on 2005 Bill Contractor Costs FY 09: | | $3,210.14 |
| f. | Interest on 2009 Bill FY 2010: | | $7,913.02 |
| g. | Interest on 2009 Bill FY 2011: | | $2,441.20 |
| h. | Interest on 2009 Bill FY 2012 as of November 8, 2011: | | $296.18 |
| | **TOTAL INTEREST ON OVERSIGHT COSTS OF $364,236.71:** | | **$32,755.29** |

3. Based on the amounts agreed to in Paragraphs 1 and 2 of this Order, above, the total amount to be paid by Wells pursuant to the Court's November 7, 2011 order (ECF No. 37) and this Order is calculated as follows:

| | | |
|---|---|---|
| a. | U.S. EPA Oversight Costs Awarded by the Court: | $364,236.71 |
| b. | Total Enforcement Costs: | $44,207.98 |
| c. | Total Interest on Oversight Costs: | $32,755.29 |
| | **TOTAL AMOUNT TO BE PAID:** | **$441,199.98** |

4. Within thirty (30) days of the date of this Order, Wells shall pay to the United States $441,199.98 as reimbursement of U.S. EPA's past oversight costs under the 1994 consent

decree, plus interest and costs of enforcing the 1994 Consent Decree. Payment pursuant to this order shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing EPA Site/Spill ID Number 0581 and DOJ Case Number 90-11-2-153/2. Payment shall be made in accordance with instructions provided to Wells by the Financial Litigation Unit of the United States Attorney's Office for the Northern District of Illinois following entry of this order. Any payments received by the Department of Justice after 4 p.m. (Eastern Time) will be credited on the next business day.

5. Upon entry of this Order by the Court, this Order shall constitute a partial final judgment between and among the United States and Wells Manufacturing Co. that resolves the United States' Motion to Enforce Consent Decree (Doc. 24). This Order does not otherwise affect Wells' continuing joint and several obligations under the 1994 Consent Decree or the continuing joint and several obligations of the other parties to the 1994 Consent Decree. The Court finds that there is no just reason for delay and therefore enters this Order as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 21st DAY OF February, 2012.

Hon. John F. Grady
United States District Judge